IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KE'LAN D. SMILEY, | ) |
| Petitioner, | ) ) ) |
| vs. | ) NO. CIV-22-0017-HE |
| SCOTT CROW, | ) ) ) ) |
| Respondent. | ) |

# **ORDER**

Petitioner Ke'lan D. Smiley, a state prisoner appearing *pro se*, filed a petition for habeas release pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Amanda Green for initial proceedings. After screening the petition, Judge Green issued a Report and Recommendation recommending that the petition be dismissed as untimely. Petitioner has objected to the Report which triggers *de novo* review of the matters to which objection has been made.

Petitioner was convicted of first degree murder and sentenced in 2000. He appealed his conviction to the Oklahoma Court of Criminal Appeals which confirmed his conviction in 2002. He then filed an application for post-conviction relief which was denied, and the OCCA dismissed the appeal of that denial in 2003.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year limitations period for habeas claims for state prisoners. 28 U.S.C. § 2244(d)(1). The Report correctly calculates that petitioner's limitation period ended July 16, 2003.

Petitioner contends, however, that this calculation is in error, and that his petition is timely in light of the Supreme Court's decision in McGirt v. Oklahoma, 140 S.Ct. 2452 (2020).

As the Report notes, however, McGirt did not recognize a new constitutional right. Further, apart from his assertions as to lack of "finality" in his conviction, petitioner does not suggest any basis for McGirt impacting the other statutory grounds for commencing the running of the limitations period. 28 U.S.C. § 2244(d). The court therefore concludes that the statutory period for petitioner to file a habeas petition expired on July 16, 2003.

Petitioner objects to the application of AEDPA's limitation period to him on the basis it is unconstitutional. This claim was not presented in his habeas petition nor addressed in the Report. Therefore, the argument is waived. However, even if the court were to consider plaintiff's argument on the merits, there is no apparent reason to think it would prevail. His argument is that Congress has plenary power over the Indian tribes and Indian County and that applying the AEDPA time limit is somehow contrary to that principle or to the Supremacy Clause of the Constitution. But the AEDPA time limitation involved here was adopted by Congress, not a state legislature, and supremacy or "plenary power" concerns have no application.

As noted above, petitioner also argues that he is entitled to statutory tolling of the limitations period until the date of the McGirt decision because his conviction was not "final" because the state court lacked jurisdiction to convict him. But, as the Report states, challenges to subject matter jurisdiction of a state court are still "subject to dismissal for untimeliness." Morales v. Jones, 417 Fed. Appx. 746, 749 (10th Cir. 2011). Petitioner is not entitled to statutory tolling of the limitations period.

Finally, petitioner contends that the limitations period should be equitably tolled "because of the extraordinary general misunderstanding between federal authorities and state authorities as to whether any reservations continued to exist in Oklahoma." He argues that defense lawyers across the state failed for over a hundred years to raise the arguments presented in Murphy v. Royal, 875 F.3d 896 (10th Cir. 2017) and McGirt.

It is clear enough that McGirt's discovery of Indian reservations in Oklahoma was a surprise to virtually everyone in Oklahoma and that it "radically altered the legal landscape" as to criminal jurisdiction in those parts of the state to which McGirt applies. See Mitchell v. Nunn, ___F.Supp.3d___, 2022 WL 1272013 (N.D. Okla. 2022). But that does not, without more, translate into a basis for equitable tolling. To justify equitable tolling, a petitioner must allege specific facts showing (1) that he diligently pursued his federal claims and (2) that extraordinary circumstances prevented him from filing a timely federal habeas petition. Holland v. Florida, 560 U.S. 631, 649 (2010). Here, the record suggests no pursuit of jurisdictional or similar claims during the approximately eight years between the disposition of his initial appeals/challenges and the filing of this petition. There is no suggestion that the government prevented him from filing anything he chose to file, whether raising jurisdictional or other arguments based on Indian country status or otherwise.

Finally, there is no suggestion that he did not know all the operative facts upon which his claim might be based, i.e., his status as a Choctaw Indian, the location of the crime, other facts of conviction, and the like. The court does not view the McGirt decision as being some new "fact" for purposes of this analysis, as doing so would, in substance,

3

create a new categorical exception to the statute of limitations.[1] Such a creation would be inconsistent with equitable tolling's status as a "rare remedy" and with the McGirt court's recognition that, even after McGirt, defendants challenging their prior convictions would still face "significant procedural obstacles, thanks to well-known state and federal limitations on post-conviction review …." 140 S.Ct. at 2479. *See also*, Rowbotham v. Nunn, 2022 WL 1523195 at *3 (N.D. Okla. 2022).

Equitable tolling of the one-year limitations period is not warranted here.

Accordingly, the court **ADOPTS** the Report and Recommendation [Doc. #12]. The petition is **DISMISSED** with prejudice. Further, the court concludes that a certificate of appealability should not issue because petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).

**IT IS SO ORDERED**.

Dated this 11th of August, 2022.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[1] *To date, the Supreme Court appears to have recognized only one such categorical, non-statutory exception to the one-year statute of limitations and that is for prisoners who assert a credible claim of actual innocence. See McGuiggin v. Perkins, 569 U.S. 383, 392 (2012). Here, petitioner has made no assertion of factual innocence as to his murder conviction.*